# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY J. DUTY, | CASE NO. 1:10-cv-00875-SKO PC |
| Plaintiff, | ORDER GRANTING MOTION REQUESTING LEAVE TO AMEND |
| v. | (Doc. 7) |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN 30 DAYS |

Plaintiff Tory J. Duty ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 12, 2010, Plaintiff filed a motion requesting leave to amend his complaint. (Doc. #7.) Plaintiff's request for leave to amend will be granted and Plaintiff will be instructed to file an amended complaint within thirty (30) days of the date of service of this order.

However, Plaintiff is advised that pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superceded pleading." In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Plaintiff may not amend his complaint simply by filing a supplemental document detailing the changes that should be made to the original complaint.

Plaintiff is further cautioned against attaching a large numbers of exhibits to his complaint. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the facts to his case. Plaintiff may not

1   attach a large number of exhibits to his claims with the expectation that the Court will read the
2   exhibits and extract the necessary factual information to construct a cognizable claim on Plaintiff's
3   behalf.  The burden of presenting the facts of his case in a "short and plain" manner must be carried
4   by Plaintiff. Although the Court will liberally construe Plaintiff's complaint, sifting through
5   unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between
6   liberal construction and advocating on Plaintiff's behalf.

7          In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them
8   as evidence at later stages in litigation.  This Court will not serve as a repository for Plaintiff's
9   evidence.  Evidence should not be submitted to the Court until this action reaches an appropriate
10  stage in litigation for the submission of evidence, such as in response to a motion for summary
11  judgment, at trial, or when specifically requested by the Court.  If and when this action reaches an
12  appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to
13  exhibits attached to his complaint as evidence.  Evidence must be submitted at the proper time and
14  under the proper procedures.  Attaching exhibits to the complaint is not the proper procedure for
15  admitting evidence for the purpose of proving Plaintiff's allegations.  Plaintiff is cautioned that
16  improperly sending evidence to the Court may result in the evidence being lost or destroyed.  The
17  Court will not return exhibits back to Plaintiff unless Plaintiff provides a postage paid return
18  envelope.  See Local Rule 101.

19         It is HEREBY ORDERED that Plaintiff's motion requesting leave to amend his complaint
20  is GRANTED.  Plaintiff shall file his amended complaint within thirty (30) days of the date of
21  service of this order.

23  IT IS SO ORDERED.

24  **Dated:    February 28, 2011**                    **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE