# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY DUTY, | CASE NO. 1:10-cv-00875 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| A. WILLIAMS, et al., | (ECF No. 12) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  Pending before the Court is the April 28, 2011, first amended complaint.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

---

[1] The first amended complaint was filed in response to an earlier order granting Plaintiff's motion for leave to file an amended complaint.  The Court has not screened the original complaint.

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison, brings this civil rights action against officials employed by the CDCR at Kern Valley State Prison. The first amended complaint on which this action proceeds is 64 pages long, and names 18 individual defendants and Does 1-100. Plaintiff purports to bring this case as a class action on behalf of other inmates "similarly situated," and sets forth claims of excessive force, failure to protect, due process violations, retaliation and law library access. Plaintiff also alleges that defendants have violated various statutory duties imposed upon them by the California Penal Code.

**A.     Rule 18**

Federal Rule of Civil Procedure 18(a) states that: 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The

2

Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's first amended complaint is voluminous and includes multiple unrelated claims against differing defendants. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file a second amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

**B.    Rule 8**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the

3

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's complaint is not in compliance with section 1983 linkage requirements or Rule 8(a), because it does not consist of a short and plain statement of plaintiff's claims, and it does not provide each defendant with fair notice of what that defendant did or did not do that allegedly violated plaintiff's rights. At 64 pages, Plaintiff's first amended complaint is much longer than it needs to be, and it does not separate out each of Plaintiff's claims against each defendant.

The court will provide Plaintiff with an opportunity to file a second amended complaint curing these deficiencies. In amending his complaint, Plaintiff is informed that his allegations should not be lengthy or overly-detailed. Rather, as previously stated, Plaintiff need only set forth enough facts so that each defendant is on notice as to what he or she did or did not do that plaintiff believes violated his rights. Plaintiff's second amended complaint should be no longer than 25 pages, and set forth only claims that are related.

C.   **Class Action**

Plaintiff also seeks to bring this action as a class action on behalf of himself and other inmates. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F.Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff.

**III.   Conclusion and Order**

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The first amended complaint is voluminous, and in violation for Federal Rules of Civil Procedure 8(a) and 18(a). The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

1  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims
2  in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).
3      Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state
4  what each named defendant did that led to the deprivation of Plaintiff's constitutional or other
5  federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations
6  must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp.
7  v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).
8      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
9  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
10 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
11 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
12 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
13 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
14 1474.
15      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
16  1.  Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to
17      state a claim;
18  2.  The Clerk's Office shall send to Plaintiff a complaint form;
19  3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
20      second amended complaint that does not exceed 25 pages in length;
21  4.  Plaintiff may not add any new, unrelated claims to this action via his amended
22      complaint and any attempt to do so will result in an order striking the amended
23      complaint; and
24  5.  If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with
25      prejudice, for failure to state a claim.
26
27
28     IT IS SO ORDERED.

5

Dated: __January 4, 2012__          _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE